**HI–LO TV ANTENNA CORP., Plaintiff-Appellee,**

v.

**Carroll J. ROGERS and Dorothy J. Stebbins, d/b/a Midwest Naturlite Co., Defendants-Appellants.**

**No. 12552.**

United States Court of Appeals Seventh Circuit.

Feb. 1, 1960.

Rehearing Denied March 1, 1960.

Warren C. Horton, Chicago, Ill., for appellants.

Norman H. Gerlach, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is a patent infringement action originally involving three patents relating to television antennas.

The three patents in question are No. 2,495,579 issued to William T. Ferris and Frank J. Klancnik, Jr. on January 24, 1950; No. 2,583,745, issued to Rody Miller on January 29, 1952; and No. 2,748,387 issued to Frank J. Klancnik, Jr. on May 29, 1956. Plaintiff-appellee, Hi-Lo TV Antenna Corporation (Hi-Lo), succeeded to the ownership of these patents. Defendants-appellants, Carroll J. Rogers and Dorothy J. Stebbins, d/b/a Midwest Naturlite Co. (defendants), were charged with infringement of all three patents.

### Civil Action No. 53-C-2292

On November 23, 1953, Hi-Lo filed a complaint against defendants charging infringement of its Ferris-Klancnik Patent No. 2,495,579. This was docketed as Civil action No. 53-C-2292, hereinafter referred to as No. 2292. Defendant answered denying infringement without asserting invalidity. On May 31, 1956, Hi-Lo filed a supplemental complaint charging defendants with infringement of its Klancnik Patent No. 2,748,387,

issued two days prior thereto while this cause was pending. On July 3, 1956, defendants answered the supplemental complaint denying infringement but not alleging the defense of invalidity. However, in this answer defendants alleged "that there is now an action pending in this Court in case No. 56-C-568 for an order authorizing and directing the Commissioner of Patents to issue a patent to said defendant, Carroll J. Rogers, for said claims and each of them herein charged as being infringed in Patent No. 2,748,387." On December 21, 1956, defendants filed an amended answer to the supplemental complaint to add a defense of invalidity to "at least Claim 1" of Patent No. 2,748,387, alleging that Klancnik was not the original or sole inventor, "all material or substantial parts thereof having been known, used and offered for public sale by others in this country, including Ralph J. Weir, Jr. * * * before [Klancnik's] supposed invention or discovery thereof." On December 21, 1956, Hi-Lo filed an amended more definite statement advising defendants regarding the particular claims of the two patents in suit relied upon as being infringed by various accused antennas of defendants. On November 4, 1957, during trial, defendants asked leave to add as an additional defense to Patent No. 2,748,387 that the invention claimed therein as allowed by the Patent Office was substantially different from that described in the patent application. The trial court sustained plaintiff's objection to such leave to amend.

### Civil Action No. 53-C-2321

On December 1, 1953, Hi-Lo filed a second and separate action against defendants charging infringement of its Miller Patent No. 2,583,745. This was docketed as Civil Action No. 53-C-2321, hereinafter referred to as No. 2321. Defendants answered denying infringement without asserting invalidity. Thereafter, plaintiff filed an amended more definite statement setting out the claims relied upon as being infringed by certain accused structures of defend-

ants. On November 5, 1957, during trial, the trial court denied defendants' motion for leave to amend its answer to assert the defense that Patent No. 2,583,-745 was invalid because it was anticipated by No. 2,495,579 in issue in No. 2292.

### Civil Action No. 56-C-568

In Civil Action No. 56-C-568, hereinafter referred to as No. 568, Carroll J. Rogers, plaintiff, sought, under the provisions of 35 U.S.C.A. § 146, in an action against Frank J. Klancnik, Jr. and Hi-Lo, to have the district court overrule adverse decisions of the Patent Office in interference proceedings to determine priority to the claims of Klancnik Patent No. 2,748,387.

---

The foregoing two infringement actions, Nos. 2292 and 2321, by order of the district court on March 11, 1957, were "consolidated" for trial with No. 568. All three cases were heard together, Hi-Lo assuming the burden in the first two and defendants in the third. The trial was from October 25 to November 5, 1957. During the course of the trial defendants moved for a directed verdict. It does not appear that this motion was ever ruled on by the trial court.

On March 26, 1958, the district court, after the trial of the three civil actions, upon reviewing the pleadings, the "old" Patent Office evidence, the "new" evidence at the trial, and the briefs of the parties in No. 568, entered a memorandum wherein it held in effect that plaintiff's (Rogers') proofs were not sufficient to overrule or disturb the decisions of the Patent Office in the interference proceeding and adopted findings of fact and conclusions of law as submitted by Hi-Lo, dismissed the complaint and entered a final judgment in favor of Hi-Lo and Klancnik. The validity of this judgment in No. 568 is not before us in the instant appeal, but is the subject of a separate pending appeal.

On September 26, 1958, the trial court filed a short memorandum stating that "the parties agree in their briefs that the question of the validity of Claim No. 1, Patent No. 2,748,387 [placed in issue in the supplemental complaint filed in No. 2292], is conclusive and that the other questions are moot." The court went on to hold that the "question as to Claim No. 1 depends upon the testimony taken in" No. 568, and that on the basis of such testimony Claim No. 1 of Patent No. 2,748,387 is valid and that "defendants failed to prove a prior invention." It was further stated that no question of infringement was argued.

In a final judgment entered on October 7, 1958, in No. 2292 the trial court dismissed plaintiff's *original* complaint charging defendants with infringement of the Ferris-Klancnik Patent No. 2,-495,579, and at the same time in No. 2321 dismissed the complaint charging defendants with infringement of the Miller Patent No. 2,583,745. Each dismissal was without prejudice, and no costs were awarded to either party. In its Conclusion of Law No. VII the court indicated that such dismissals were predicated upon "plaintiff's agreement to withdraw the charges of infringement" of the two patents involved therein.

This left for final determination by the district court in No. 2292 the question of the validity of Claim No. 1 in the Klancnik Patent No. 2,748,387 and its alleged infringement as charged in the supplemental complaint.

On October 7, 1958, final judgment was entered in No. 2292 against defendants holding in effect that plaintiff is the owner of Patent No. 2,748,387; that Claims 1, 2, 3, 4, 5, 6, 7, 9, 10, 12, 13, 15 and 19 thereof are good and valid; that defendants have infringed the patent by manufacturing, selling or using "since the issuance of said letters patent antennas *like* plaintiff's Exhibits P-10, P-11 and P-15 and defendants' Exhibit 55;" that defendants be enjoined "from making, using or selling antennas *like* plaintiff's Exhibits P-1, P-8, P-10, P-11 and P-15 and defendants' Exhibit 55 as well as *any antenna coming within the scope of any of the claims* of plaintiff's Patent No. 2,748,387" (emphasis added); that plaintiff be awarded damages to be

determined by a master; and that plaintiff recover its costs.

On October 27, 1958, the trial court signed findings of fact and conclusions of law favorable to plaintiff in the form prepared and submitted by its counsel, without objection by defendants' trial attorney. Defendants have appealed from the final judgment of October 7, 1958 in No. 2292 and are represented on appeal by new counsel. Errors generally relied upon for reversal relate to defendants' contentions that the patent in suit is invalid for lack of invention, prior public use and substantial difference from original claims made; that there is no infringement; that certain findings of fact are clearly erroneous; and that the two dismissals without prejudice should have been at the cost of plaintiff.

We have carefully read the entire transcript of the evidence taken in this case. We are gravely concerned with the questions raised on this appeal which in the main arise out of the confusion existing in the record of the evidence taken. This is understandable because of the manner in which the case was tried. There was a full trial involving three separate patents together with an action in the nature of an appeal from a decision in interference proceedings. The evidence relating to the three separate actions was commingled. After the conclusion of the trial and before final judgment, two of the complaints relating to two of the three patents in issue were dismissed without prejudice because plaintiff withdrew his charges of infringement as to them. The trial court was required to attempt to sort out from all this testimony the parts relevant to the remaining issues. On appeal, this court is faced with the same problem in attempting to determine whether certain findings of fact are clearly erroneous and whether other action taken by the trial court is within the bounds of applicable evidence thereto.

Our task is further complicated by the disagreement of the parties relating to certain stipulations and concessions plaintiff alleges were made during the trial and also by plaintiff's contention that defendants are now attempting to assert certain defenses of patent invalidity not pleaded as defenses in the court below.

The record clearly shows that the application for the remaining patent in suit (Klancnik No. 2,748,387) was filed on December 23, 1953 and that the patent issued on May 29, 1956. One of defendants' accused structures, Plaintiff's Exhibit P-1, was discontinued in 1953, before the patent application was filed and fully three years before the patent issued. Another of defendants' accused structures, Plaintiff's Exhibit P-8 was discontinued in 1955, at least a year before the patent issued. A third of defendants' accused structures, Defendants' Exhibit 55 was discontinued in 1956; but more important, as the record shows, when this antenna was produced in court, Hi-Lo's counsel, Mr. Gerlach, said with reference to this exhibit:

"Mr. Appel [defendants' counsel]: It is not being charged with infringement is it?

"Mr. Gerlach: That is correct. What is the exhibit number?

"Mr. Appel: That is Defendants' Exhibit 55."

Our study of the record further demonstrates to our satisfaction that the evidence is inconclusive as to the manufacture, sale or use of defendants' accused structures, Plaintiff's Exhibits P-10, P-11 and P-15 after the patent in suit issued.

■ The trial court found and held that defendants infringed thirteen enumerated claims of the patent by manufacturing, selling or using antennas "like plaintiff's Exhibits P-10, P-11 and P-15 and defendants' Exhibit 55." The court further found and held that defendants should be enjoined from manufacturing, using or selling in the future "antennas like plaintiff's Exhibits P-1, P-8, P-10, P-11 and P-15 and defendants' Exhibit 55 as well as any antennas coming within the scope of any of the claims" of the patent. There is no finding that plain-

tiff's Exhibits P-1 and P-8 infringe. There is no finding that the claims of the patent other than thirteen claims enumerated were infringed at any time. We hold that these foregoing findings and conclusions are clearly erroneous under the record as it is before us. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A.

The trial court found and held thirteen enumerated claims of the patent good and valid. This was limited by the court solely to the issue of invalidity on the basis of prior invention by Ralph J. Weir, Jr., which the court found and held had not been established by defendants. However, as has been previously pointed out, defendants sought and were denied the right to amend their answer during trial to add an additional defense and at other times asserted and argued other defenses. It is our considered judgment that the trial court should have permitted amendments adding the additional defenses of invalidity sought and advanced by defendants.

We are not moved by Hi-Lo's urgent insistence upon reliance on the many claimed stipulations, agreements and concessions said to have been made by counsel for both parties. We are not convinced from our examination of the record that they are conclusive and dispositive of this case as claimed.

"The grant of a patent is the grant of a special privilege * * *. It is the public interest which is dominant in the patent system." Mercoid Corp. v. Mid-Continent Inv. Co., 1944, 320 U.S. 661, 665, 64 S.Ct. 268, 271, 88 L.Ed. 376. The enforcement of patent rights "are matters concerning far more than the interests of the adverse parties." They are issues of great public interest. Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 1945, 324 U.S. 806, 815, 65 S.Ct. 993, 998, 89 L.Ed. 1381.

We are of the view that the validity of a patent should be resolved in the light of defenses applicable thereto. The question of infringement should be determined against the background of evidence clearly and unmistakably laid before the court for its consideration. Issues should be sharply drawn so there is no question as to what is to be determined. Stipulations and concessions made in a trial should leave no doubt as to their meaning and application. Findings of fact and conclusions of law should not overreach the evidence and the issues.

In this case, without in any sense expressing criticism of the trial court, we think the public interest and the ends of justice will best be served by remanding the cause for a new trial. This will give opportunity for the parties to draw clearly the issues relating to the patent in suit and to limit the evidence to those issues.

We have considered all of the other contentions of both parties advanced on this appeal and do not deem it necessary to pass upon them in view of the disposition we make of this case. We express no opinion as to the validity of the patent before us. The question of its alleged infringement will be determined in the new trial.

The judgment below in Civil Action No. 53-C-2292 is reversed, and this cause is remanded for a new trial.

Reversed and remanded.