HI–LO TV ANTENNA CORP., Plaintiff-Appellee,

v.

Carroll J. ROGERS and Dorothy J. Stebbens, d/b/a Midwest Naturlite Co., Defendants-Appellants.

No. 12791.

United States Court of Appeals Seventh Circuit.

March 2, 1960.

Warren C. Horton, Chicago, Ill., for appellants.

Norman H. Gerlach, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by defendants, Carroll J. Rogers and Dorothy J. Stebbins, d/b/a Midwest Naturlite Co., from a judgment of contempt in an ancillary patent infringement action brought by plaintiff, Hi-Lo TV Antenna Corp. The parties in this present contempt proceeding are the same as the original parties in the principal action in the district court, Civil Action No. 53–C–2292.

In No. 53–C–2292, the district court found plaintiff's Patent No. 2,748,387 valid and infringed and granted injunctive relief. This judgment was the subject of appeal No. 12552 in our court. On February 1, 1960, in Hi-Lo TV Antenna Corp. v. Rogers, 7 Cir., 274 F.2d 661, we reversed the judgment of the district court in the principal action and remanded the case for a new trial. The effect of this reversal, *inter alia,* was to vacate the injunction in that action.

The contempt proceeding now before us for review was instituted while appeal No. 12552 was pending in this court. Plaintiff charged defendants with the manufacture and sale of a type of antenna first made and sold by them after entry of judgment and service of the injunctive writ below. Plaintiff sought to have defendants punished for criminal contempt. Defendants filed an answer in denial of the charges and a motion to strike. The trial court entered an order striking all portions of plaintiff's motion for a show cause order relating in any way to a charge of criminal contempt, thus, in effect, limiting the relief prayed for to a charge of civil contempt.

The parties were accorded a full hearing devoted largely to a consideration of whether defendants' new accused structure came within the scope of and infringed Claim 1 of plaintiff's Patent No. 2,748,387. After the hearing the district court entered an order and judgment finding that defendants had violated the injunctive writ and held them to be in civil contempt of that court. Defendants were further enjoined and as punishment for such civil contempt were fined in the amount of $850. The trial court entered appropriate findings of fact and conclusions of law in support of its judgment.

The further effect of our reversal and remand in appeal No. 12552 on February 1, 1960 was to send the principal case back for a new trial on the issues of validity and infringement of plaintiff's Patent No. 2,748,387. In the instant contempt proceeding the judgment is based upon a finding of further infringement of such patent.

The injunction found to have been violated is no longer in effect. There is no issue of *criminal* contempt before us. The civil contempt found is based on continued infringement.

In view of the present posture of this entire matter, we hold that the judgment finding defendants guilty of civil contempt should be set aside. The question

of infringement by defendants' latest accused structure can be more properly determined in the new trial of the principal action.

The judgment of the district court appealed from in this proceeding is

Reversed.